

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00258-CR

_____


TRACIE DANIELLE ALPHIN, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 24651



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Tracie Danielle Alphin has filed a notice of appeal from her adjudication of guilt of unauthorized use of a vehicle. On our review of the clerk's record, we noted that the trial court's certification of right of appeal stated that this was a plea agreement case and that Alphin had no right of appeal.

On the record before us, it appeared that the certification was incorrect. No plea agreement documents were contained in the clerk's record related to the final adjudication, although it did contain plea documents connected with the original order placing Alphin on deferred adjudication, and a waiver of right of appeal that did not reference the existence of any agreement. On March 20, 2012, we sent a letter to the trial court judge, stating that the record and the certification were inconsistent. We have now received a supplemental clerk's record containing a letter from the trial judge informing us that there was a plea agreement in place in this case and stating that the certification is therefore correct. Thus, we now have documentation in the supplemental clerk's record that explains how an otherwise questionable waiver of appeal could have effect, and for the first time showing the existence of a plea agreement as to the final adjudication of guilt.

Unless a certification, showing that a defendant has the right of appeal, is in the record, we must dismiss the appeal. *See* TEX. R. APP. P. 25.2(d).

Because the trial court's certification affirmatively shows Alphin has no right of appeal, and because the record before us does not reflect that the certification is incorrect, *see Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the appeal.

We dismiss the appeal for want of jurisdiction.

Jack Carter
Justice

Date Submitted:     April 25, 2012
Date Decided:       April 26, 2012

Do Not Publish